UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TAELOR GREEN,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>JAMES SCALLY, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 2:23-cv-00244-JAD-VCF<br><br>ORDER<br><br>(ECF Nos. 9, 10) |

On September 1, 2023, the Court screened plaintiff Taelor Green's civil-rights complaint, allowing some claims to proceed, dismissing one claim with prejudice, and dismissing the remaining claims with leave to amend by October 2, 2023. (ECF No. 8). Two days after the deadline to file a first amended complaint expired, Green filed a declaration stating that pages 64, 75, 77, and 79 of his original complaint, which the Court sent him a courtesy copy of with the screening order, were "blank." (ECF No. 9). Green argues that these blank pages are evidence that either the prison's law library or this Court is "deliberately hindering [his] civil litigation[,]" and he asks for more time to file his first amended complaint. (*Id.*) Green also moves the Court to find and appoint him a free attorney, arguing that incarceration makes prosecuting a claim difficult, and he has limited access to the law library. (ECF No. 10). For the reasons discussed below, the Court grants Green an extension of time to file a first amended complaint, and it denies without prejudice Green's motion for the appointment of counsel.

**I.    DISCUSSION**

The "blank" pages that Green complains about are exhibits to his original complaint. (*Compare* ECF No. 9 at 3–6, *with* ECF No. 8-1 at 64, 75, 77, 79, *and* ECF No. 8-1 at 64, 75, 77, 79). Green does not identify a single document that he believes is missing from his original complaint or the courtesy copy of it. Green also fails to explain how these "blank" exhibit pages prevented him from timely filing a first amended complaint.

In any event, no pages were omitted from Green's original complaint or the courtesy copy that the Court sent him with its screening order. Green mailed his original complaint and exhibits to the Court. (*See* ECF No. 1-1 at 87). The Clerk of the Court's office has reviewed Green's original submission and confirmed that the "blank" pages are simply the other side of pages that the Court scanned double-sided. Despite Green's inartful arguments, he has not significantly delayed these proceedings, so the Court grants Green a one-time extension of time to file his first amended complaint.

As for Green's motion for the appointment of counsel, as the Court explained in the screening order, it may appoint counsel for indigent civil litigants only under "exceptional circumstances." (ECF No. 8 at 24–25). In determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (internal quotation omitted). The Court recognizes that Green is disadvantaged because he is incarcerated and has limited access to the law library. But Green's circumstances "are hardly extraordinary given the vicissitudes of prison life[.]" *See Chafer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (explaining facts that prisoner was pro se, the prison was "missing a handful of reporter volumes," and the plaintiff was reliant "on helpers who were transferred or too busy to attend to his petitions" were not extraordinary circumstances). Moreover, the matters at issue in this action are not particularly complex, Green's circumstances have not rendered him unable to articulate the basis of his claims to the Court, and the slim record here simply does not support a finding that Green is likely to succeed on the merits of any claim. The Court thus denies Green's motion for the appointment of counsel. Should this action progress and Green's circumstances change such that he is able to demonstrate that they are exceptional, then Green may renew his motion.

## II. CONCLUSION

It is therefore ordered that Green's declaration (ECF No. 9) is construed as a motion to extend the deadline for him to file a first amended complaint and granted to that narrow extent.

It is further ordered that **on or before November 13, 2023**, Green must file a first amended complaint consistent with the Court's September 1, 2023, screening order (ECF No. 8).

If Green does not file a first amended complaint **by November 13, 2023**, this action will proceed immediately on only the Eighth Amendment excessive-force claim and the Eighth Amendment medical-indifference claim about the walking, speech, and suicidal ideation conditions.

It is further ordered that Green's motion for the appointment of counsel (ECF No. 10) is denied without prejudice.

DATED THIS 13th day of October 2023.

_____
UNITED STATES MAGISTRATE JUDGE

3