UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Taelor Green,

    Plaintiff

v.

James Scally, et al.,

    Defendants

Case No.: 2:23-cv-00244-JAD-MDC

**Order Granting Motion to Seal**

[ECF No. 51]

The defendants in this civil-rights action move to seal several exhibits attached to their motion for summary judgment.[1] "The public has a 'general right to inspect and copy public records and documents including judicial records and documents.'"[2] "Although the common law right of access is not absolute, '[courts] start with a strong presumption in favor of access to court records.'"[3] "A party seeking to seal judicial records can overcome the strong presumption of access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure."[4] "When ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records."[5]

"To seal the records, the district court must articulate a factual basis for each compelling reason to seal[,] [which] must continue to exist to keep judicial records sealed."[6] The Ninth Circuit has, however, "'carved out an exception to the presumption of access' to judicial records"

---

[1] ECF Nos. 50, 51, 52.

[2] *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 (1978)).

[3] *Id.* (quoting *Foltz v. St. Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[4] *Id.* (quoting *Foltz*, 331 F.3d at 1135).

[5] *Id.* (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

[6] *Id.* (citing *Kamakana*, 447 F.3d at 1179; *Foltz*, 331 F.3d at 1136).

that is "'expressly limited to' judicial records 'filed under seal when attached to a non-dispositive motion.'"[7] "Under the exception, 'the usual presumption of the public's right is rebutted[,]'" so "a particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motions."[8]

      I find that the higher compelling-reasons standard applies in this context because the underlying summary-judgment motion is dispositive. The defendants seek to seal Exhibits A-G, I-L, and N to their motion, averring that they contain the plaintiff's confidential medical records and video footage taken from inside the prison. I reviewed those exhibits in camera and I conclude that there are compelling reasons to seal them in their entirety. The bulk of the sealed exhibits contain sensitive medical information that the plaintiff has a right to keep private. And the sealed video footage depicts internal prison construction and design that, if publicly released, may present security concerns. I am satisfied that releasing the information contained in the exhibits could potentially damage the parties, so I grant the defendants' motion to seal.

---

[7] *Id.* (quoting *Foltz*, 331 F.3d at 1135).

[8] *Id.* (quoting *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002); *Foltz*, 331 F.3d at 1135, 1138).

**Conclusion**

IT IS THEREFORE ORDERED that the defendants' motion to seal **[ECF No. 51] is GRANTED**. The Clerk of Court is directed to **MAINTAIN THE SEAL on ECF No. 52.** The Clerk of Court is further directed to **SEND** plaintiff a courtesy copy of this order by delivering it to Northern Nevada Correctional Center's law library.[9]

_____
U.S. District Judge Jennifer A. Dorsey
July 29, 2025

---

[9] *See* ECF No. 58 (order noting that plaintiff has been transferred and directing him to update his address by August 14, 2025).