UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Taelor Green,

    Plaintiff

v.

James Scally, et al.,

    Defendants

Case No.: 2:23-cv-00244-JAD-MDC

**Order Dismissing for Failure to Comply with Court Orders and Denying Motion for Summary Judgment as Moot**

[ECF No. 50]

    Pro se plaintiff Taelor Green sues several Nevada Department of Corrections officials for violations of his Eighth Amendment rights.[1] In June 2025, the defendants moved for summary judgment on all of Green's claims.[2] That same month, the court's orders were returned as undeliverable because it appeared that Green had been transferred to another prison.[3] So the magistrate judge ordered Green to file his updated address with the court, warning that his case "may be subject to dismissal if he fails to comply."[4] The magistrate judge sent that order to the Northern Nevada Correctional Center because it appeared that Green had been transferred there.[5] But that order was also returned as undelivered.[6]

    On November 3, 2025, I ordered Green to show cause why this case should not be dismissed for his failure to keep the court apprised of his current address. I also noted that he had not filed a response to the defendants' summary-judgment motion and advised him that if he

---

[1] *See* ECF No. 13 (complaint).
[2] ECF No. 50.
[3] *See* ECF Nos. 56, 57.
[4] ECF No. 58.
[5] *Id.*
[6] ECF No. 59.

wished to respond late, he would need to show good cause and excusable neglect for missing the court's deadline.[7]  And because it appeared that Green had been moved to Lovelock Correctional Center, I directed the Clerk of Court to send the order to that facility's law library.[8]  That order was again returned as undeliverable, this time because Green "refused to accept" service.[9]  So, because it is now clear that Green will not comply with this court's orders or keep the court apprised of his address, I dismiss this case.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[10]  A court may dismiss an action based on a party's failure to obey a court order or comply with local rules.[11]  In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[12]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal.  The third factor, risk of

---

[7] ECF No. 62.

[8] *Id.*

[9] ECF No. 63.

[10] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[11] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[12] *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ghazali*, 46 F.3d at 53.

prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court.[13]  The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[14]  Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[15]  This court has given plaintiff several chances to update his address and respond to the defendants' summary-judgment motion, to no avail.  Because this case cannot realistically proceed if the plaintiff refuses to accept service of court orders, any further attempts to gain Green's compliance will only delay the inevitable and further squander the court's finite resources.  So the fifth favor favors dismissal.  And the fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

---

[13] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[14] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of last drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

[15] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

Accordingly, IT IS HEREBY ORDERED that **this action is DISMISSED** without prejudice. The defendants' motion for summary judgment **[ECF No. 50] is DENIED as moot.** The Clerk of Court is directed to ENTER JUDGMENT ACCORDINGLY and to CLOSE THIS CASE. *In forma pauperis* status should not continue on appeal.

_____
U.S. District Judge Jennifer A. Dorsey
November 12, 2025